UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

**UNITED STATES OF AMERICA,**

                                                                                     **NO. 11-CR-20303**

    **vs.**

                                                                                     **HON. AVERN COHN**

**D-1    BRUCE PLUMB,**

    **Defendant.**

_____/

**RESPONSE OF THE UNITED STATES TO
DEFENDANT'S SENTENCING MEMORANDUM**

        The United States of America, through the undersigned Assistant United States Attorney, submits the following as its response to the Sentencing Memorandum of defendant Bruce Plumb:

        The Defendant is guilty of a serious crime wherein he breached his position of trust as a Postal Service Manager. Plumb was the man in overall charge of the Detroit Vehicle Maintenance Facility ("VMF"). He was responsible for overseeing the repair and maintenance of several thousand Postal vehicles and VMF facilities in Detroit, Ann Arbor, Livonia, Allen Park, and Dearborn. Plumb was the boss of the other four Postal supervisors who took and were convicted of taking bribes from Joe Fawaz, the owner of Metro Diesel. Plumb himself accepted from Fawaz approximately $20,000 worth of repair work, free parts, free tows, the installation of a brick paver patio at his home, visits to strip clubs, weekly visits from prostitutes for over six months, and prescription drugs. Plumb's actions favoring Metro Diesel cost the Postal Service a significant amount of money, and other Postal managers need to be deterred from taking money and other benefits from private contractors. Under these circumstances, the Court should sentence Plumb to the top of the sentencing guideline

range found by the Probation Officer.

I.      **The Defendant's Crime Was Serious**

The Defendant's corruption as a Postal Service Manager was a serious crime that caused significant financial loss to the Postal Service.  Instead of managing and overseeing the VMF operations of the Postal Service in the Detroit area, the Defendant chose to enjoy the many and varied benefits from the owner of the private contractor who was performing the vast majority of the repair and maintenance work being done on the Postal vehicles in Detroit.  The Postal repair facilities in Detroit were staffed by dozens of Postal mechanics employed and paid to fix and maintain Postal vehicles.  Instead of utilizing these men and women to do their jobs, the Defendant directed millions of dollars in repair work to Metro Diesel to do the job.  The Defendant also approved of the decisions of the supervisors who worked for him who were favoring Metro Diesel over the Postal mechanics.  As a result of the decisions of the Defendant and his managers, the Postal mechanics often had little or nothing to do in the first class repair facilities maintained by the Postal Service.  Because of the Defendant's actions, he was richly rewarded by the owner of Metro Diesel.

The Defendant also was aware, to a certain extent, that the supervisors who worked for him were accepting benefits from Metro Diesel.  The Defendant knew that some supervisors were receiving free car repairs from Metro Diesel.  He also knew that other supervisors were getting free lap dances at strip clubs paid for by Metro Diesel's owner.  Instead of intervening and stopping such activity, however, the Defendant himself joined in and reaped the rewards of being a Postal official with the power to direct millions of dollars in business to private contractors.

## II.     Other Postal Managers Need to Be Deterred From Taking Bribes and Gratuities

The sentence imposed on defendant Plumb must be sufficient to deter other Postal managers from taking bribes and gratuities from private contractors.  Although there may be little need to deter Plumb from future criminal acts, there is a strong need to send a decisive message to other Postal managers that they will receive serious punishment if they abuse their positions of trust.  The way that Postal VMFs are structured create rampant opportunities for private contractors to seek to buy their way into performing service work on Postal vehicles.  The community of Postal VMF managers around the country is comparatively small, and the number of corruption prosecutions is small.  It is quite certain that these VMF managers will be well aware of this Court's sentence imposed on defendant Plumb.  A significant sentence of imprisonment will send a strong message to Postal managers around the country to ensure not only that they themselves are not tempted to take bribes, but also that they keep a strong watch on the Postal supervisors who work for them to ensure that they are not taking bribes or illegal gratuities.  The Postal Service spends millions and millions of dollars on repair and maintenance work by private contractors.  A tough sentence on defendant Plumb will help to deter corrupt decisions from being made in spending that money.

## III.    A Substantial Fine Should Be Part of Any Sentence Imposed on the Defendant

Unlike many defendants who appear before the Court, defendant Plumb has the financial resources to pay a significant fine as determined by the Probation Officer.  He also is not responsible for any dependants.  Under these circumstances, a fine within the guideline range and that roughly approximates the benefits that he took from Metro Diesel would be appropriate.

**IV.     Conclusion**

The United States respectfully requests that the Court impose a significant custodial sentence on the Defendant within the sentencing guideline range.  Such a sentence would deter other Postal managers, it is necessary given the seriousness of the Defendant's crime, and it would be just punishment for the Defendant's crimes.  The Defendant seeks to rely upon the sentences imposed on other Postal supervisors who accepted benefits from Metro Diesel.  In these other cases, the defendants cooperated with Postal agents and provided substantial assistance to the government in its investigation and prosecution of other individuals.  In defendant Plumb's case, however, Plumb did not offer to cooperate and did not provide any assistance to the government.  As a result, Plumb should not be rewarded for cooperation that he chose not to provide.

                BARBARA L. MCQUADE
                United States Attorney

                **s/ DAVID A. GARDEY**
                DAVID A. GARDEY
                Assistant United States Attorney
                211 W. Fort Street, Suite 2001
                Detroit, MI  48226
                Phone:  (313) 226-9591
                E-Mail: David.Gardey@usdoj.gov

Dated:  April 16, 2012

## CERTIFICATE OF SERVICE

      I hereby certify that on  April 16, 2012, I caused the foregoing document to be filed with the Clerk of the Court, and caused a copy of this document to be served on the following:

      James Gerometta, Esq.

      s/David A. Gardey
      DAVID A. GARDEY
      Assistant United States Attorney
      211 W. Fort Street, Suite 2001
      Detroit, MI  48226
      Phone:  (313) 226-9591
      E-Mail:  David.Gardey@usdoj.gov
      Bar No. P48990